IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00219-MOC-WCM

| | |
|---|---|
| JOHN COCHRAN, | )<br>) |
| Plaintiff, | )  MEMORANDUM AND<br>)  RECOMMENDATION |
| v. | )<br>) |
| COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION, | )<br>)<br>) |
| Defendant. | ) |

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

I. Procedural Background

In May of 2021, Plaintiff John Cochran ("Plaintiff") filed an application for disability insurance benefits, alleging disability beginning July 15, 2020. Transcript of the Administrative Record ("AR") 295-302.

On August 18, 2022, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR 26-45. That decision is the Commissioner's final decision for purposes of this action.

1

## II. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of lower extremity degenerative joint disease and obesity. AR 32. After determining that Plaintiff's impairments did not meet or medically equal any of the listed impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> to perform sedentary work… The person can only stand and/or walk for two hours and sit for up to six hours in an eight-hour workday with normal breaks. The person can occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds. The person can occasionally kneel, never crouch, and occasionally crawl. The person must avoid frequent exposure to non-weather-related cold temperatures, and must avoid frequent exposure to vibration, such as a shaking object or surface. The person requires the assistance of a hand-held assistive device required at all times while standing and walking but the contralateral upper extremity can still be used to lift or carry up to the exertional limits.

AR 33.

Applying this RFC, the ALJ found that while Plaintiff could not perform his past work as a pharmacy technician, Plaintiff could perform other jobs that exist in significant numbers in the national economy such that Plaintiff was not disabled during the relevant period. AR 38-40.

### III. Plaintiff's Allegation of Error

Plaintiff contends that, when developing his RFC, the ALJ erred in finding the opinion of Dr. Wesley Jackson, a podiatrist, unpersuasive.

### IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a federal district court reviews the Commissioner's decision, it does not "re-weigh

3

conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

V. **Discussion**

For applications filed on or after March 27, 2017, an ALJ is required to consider and articulate how persuasive he or she finds each medical opinion to be. 20 C.F.R. §§ 404.1520c(a)); 416.920c(a). In that regard, the regulations list numerous factors; "supportability" and "consistency" must be considered. See 20 C.F.R. §§ 404.1520c(a) & (c); 416.920c(a) & (c). "Supportability is an internal check that references objective medical evidence and supporting explanations that come from the source itself. Consistency is an external check that references evidence from other medical and nonmedical sources." Bright v. Saul, No. 1:19CV504, 2020 WL 4483008, at *2 (M.D.N.C. Aug. 4, 2020).

Here, Plaintiff contends that the ALJ erred by failing to evaluate adequately the opinion of Dr. Jackson, as set forth in a May 27, 2021 treatment note, in which Dr. Jackson stated:

> At this point in time [patient] can only stand for 20 minutes without any significant pain [in] distal achilles or neuropathic/nerve pain in posterior heel.

> [Patient] is not fit to go back to his previous job unless he is sitting for 90% of his duty hours required. If this can't be achieved then patient likely needs to be accepted for permanent disability as we have exhausted all surgical and conservative options to this point in time.

AR 716.

In developing Plaintiff's RFC, the ALJ found Dr. Jackson's opinion to be unpersuasive and explained that "[w]hile [the ALJ had] reduced the claimant to sedentary work with the use of an assistive device, the evidence [was] not consistent with a finding that the claimant would almost find it impossible to stand and or walk." AR 38.

The ALJ noted that Dr. Jackson's treatment notes reflected Plaintiff's reported pain to be a "three out of ten," and that other records reflected Plaintiff's reported pain "as only a 1.5 out of ten with medication." Id. (citing AR 2100 (Dr. Jackson's December 2, 2021 treatment note); AR 2855 (July 20, 2022 treatment note signed by Dr. James Deering)). The ALJ further explained that Plaintiff's gait was "recently independent," and that Plaintiff's neuralgia had "most recently improved." Id. (citing AR 2855-2857 (Dr. Deering's July 20, 2022 treatment note showing Plaintiff reported that the numbness across his ankle and foot had resolved and that, on physical exam, Plaintiff's gait was independent and non-antalgic)). Additionally, the ALJ noted that although Dr. Jackson had instructed Plaintiff "to participate in minimal activities," he (Dr.

Jackson) had not set out any "specified limitations." Id. (citing AR 2104 (Dr. Jackson's December 20, 2021 record stating that "Patient is to continue with minimal activity and will be given Flexeril to add to his Cataflam to be taken daily."), AR 2722 (Dr. Jackson's January 3, 2022 record stating the same)).[1]

Plaintiff argues that the ALJ misrepresented Dr. Jackson's opinion – because Dr. Jackson never opined that it would be "almost impossible" for Plaintiff to walk – and failed to acknowledge the specific functional limitation set forth by Dr. Jackson – that Plaintiff should sit for 90% of the workday. Doc. 4 at 8. Additionally, Plaintiff cites 2021 treatment records reflecting Plaintiff's self-reports of higher levels of pain and physical therapy records reflecting Plaintiff's antalgic gait. Id. at 9-11.

Plaintiff is correct that Dr. Jackson never stated specifically that it was "almost impossible" for Plaintiff to walk. Rather, Dr. Jackson asserted that Plaintiff would need to sit for 90% of his duty hours in order to return to his work as a pharmacy technician.

---

[1] The ALJ also explained, in the context of discussing Plaintiff's medical records, that in March of 2022, Plaintiff "reported walking his dog and feeling more stable," AR 36 (citing AR 2287 (March 16, 2022 physical therapy note)), and that by June of 2022, Plaintiff's gait was "non-antalgic and independent," his pain was "just three out of ten on average…without medication," and Plaintiff's "provider noted that the claimant's sensory deficit had greatly improved on Lyrica." AR 37 (citing AR 2731 (June 7, 2022), AR 2854-2860 (July 20, 2022)).

However, while Plaintiff reads the ALJ's description of Dr. Jackson's opinion as a misstatement that requires remand, the ALJ's description could also be considered to be an attempt (though perhaps an inartful one) to summarize Dr. Jackson's opinion.[2]

Further, based on the ALJ's explanation, as described above, it appears that the ALJ focused on Plaintiff's more recent treatment records (including Dr. Jackson's treatment records postdating Dr. Jackson's May 27, 2021 assessment) when considering the persuasiveness of Dr. Jackson's opinion. See AR 38; see also AR 37 ("The evidence demonstrates that while the claimant does have positive findings in his left lower extremity, his pain has remained low with medication. Further, his numbness has improved, and his gait has been recently independent. There is no suggestion in the record that it is medically necessary to elevate the claimant's foot, or that when seated his pain is such that he is incapable of the residual functional capacity above.").

---

[2] Plaintiff also contends that the ALJ erred by failing to address Dr. Jackson's opinion that, unless Plaintiff could sit for 90% of his workday, Plaintiff should be accepted for permanent disability. Dr. Jackson's opinion, though, was limited, by its own terms, to a specific "point in time" and noted that Plaintiff could not go back to his previous job unless he could sit for 90% of his duty hours. To the extent Dr. Jackson's opinion can be construed as a more general statement about Plaintiff's ability to work, it is "inherently neither valuable nor persuasive" under the Regulations. 20 C.F.R. §§ 404.1520b(c)(3)(i); 416.920b(c)(3)(i); see also Shelley C. v. Commissioner of Social Security Administration, 61 F.4th 341, 356 (4th Cir. 2023) ("A statement made by a medical source asserting that a claimant is 'disabled' or 'unable to work' does not mean that the Commissioner will determine that the claimant is actually disabled. Indeed, the ALJ will not give any special significance to the source of an opinion on issues reserved to the Commissioner.") (internal citation omitted).

Consequently, the undersigned is persuaded that the record sufficiently supports the ALJ's conclusion.

## VI. Recommendation

The undersigned therefore respectfully **RECOMMENDS** that the Commissioner's decision be **AFFIRMED**.

Signed: August 19, 2024

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).