UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-219-MOC

| | |
|---|---|
| JOHN COCHRAN, | ) |
| Plaintiff, | ) |
| v. | ) |
| Martin J. O'Malley, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation ("M&R") issued in this matter (Doc. No. 7). In the M&R, the magistrate judge advised the parties of the right to file objections within 14 days, in accordance with 28, United States Code, Section 636(b)(1)(c). Plaintiff filed an objection within the time allowed. (Doc. No. 8).

### I.  Background

In May 2021, Plaintiff filed an application for disability insurance benefits, alleging disability beginning July 15, 2020. On August 18, 2022, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. In a Memorandum and Recommendation dated August 19, 2024, the Honorable U.S. Magistrate Judge W. Carleton Metcalf recommended that the Commissioner's decision be affirmed. Plaintiff filed an objection to the magistrate's recommendation.

### II.  Standard of Review

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718

-1-

F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

### III. Discussion

In Plaintiff's sole objection to Magistrate Judge Metcalf's recommendation, Plaintiff contends that the magistrate judge should have found that the ALJ erred when assessing the supportability and consistency of the opinion of Dr. Wesley Jackson as to Plaintiff's limitations. As to this contention, Judge Metcalf explained:

> [W]hile Plaintiff reads the ALJ's description of Dr. Jackson's opinion as a misstatement that requires remand, the ALJ's description could also be considered to be an attempt (though perhaps an inartful one) to summarize Dr. Jackson's opinion.
>    Further, based on the ALJ's explanation, as described above, it appears that the ALJ focused on Plaintiff's more recent treatment records (including Dr. Jackson's treatment records postdating Dr. Jackson's May 27, 2021 assessment) when considering the persuasiveness of Dr. Jackson's opinion. See AR 38; see also AR 37 ("The evidence demonstrates that while the claimant does have positive findings in his left lower extremity, his pain has remained low with medication. Further, his numbness has improved, and his gait has been recently independent. There is no suggestion in the record that it is medically necessary to elevate the claimant's foot, or that when seated his pain is such that he is incapable of the residual functional capacity above."). Consequently, the undersigned is persuaded that the record sufficiently supports the ALJ's conclusion.

(Doc. No. 7 at 7–9).

## IV. Conclusion

After careful review, the Court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the Court will fully affirm the M&R.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objection (Doc. No. 8) is **OVERRULED**, and the Memorandum and Recommendation (Doc. No. 7) is **AFFIRMED**. Thus, the Commissioner's decision is affirmed.

The Clerk shall terminate the parties' briefs, which have been filed as motions. (See Doc. Nos. 4, 5).

Signed: September 23, 2024

Max O. Cogburn Jr.
United States District Judge